Whaley, Chief Justice,
delivered the opinion of the court:
The plaintiff is a captain.in the United States Army and claims rental allowances for the period from May 10, 1933, to January 23, 1934, during which time he was absent from his permanent station on temporary duty. At his permanent station, Fort Lewis, Washington, he had assigned to him and occupied bachelor quarters. On May 6, 1933, plaintiff was ordered to proceed to Eureka, California, for temporary duty with the Civilian Conservation Corps. On May 9,1933, he departed from his permanent post and arrived at his temporary post of duty on May 11, 1933, and remained on temporary duty at this post during the entire period covered by this claim. When plaintiff departed from his permanent station, he took with him the keys to his quarters and left his furniture in the quarters assigned to him at the post. On October 2,1933, he made a written request that his assignment of quarters at Fort Lewis be terminated but he did not return the keys to his quarters. This request was not favorably considered. On December 28,1933, plaintiff again requested termination of his assignment of quarters at his permanent post, stating that, if his request were granted, he would request that his furniture at his quarters be stored. On January 16, 1934, he was directed to return the keys of his quarters and submit a request for the storage of his furniture, and also advised that his property would be removed and he would be .placed on rental allowance status. *272 On January 19, 1934, plaintiff returned tbe keys to his quarters with the request that his furniture be stored by the Quartermaster pending instructions as to its disposition. On January 23, 1934, the Commanding General at Fort Lewis terminated plaintiff’s assignment of quarters at his permanent station.
During the period from May 10,1933, to January 23,1934, while plaintiff was on temporary duty at the Civilian Conservation Corps at Eureka, California, he was not furnished Government quarters at his temporary station.
Section 6 of the Act of June 10, 1922 (42 Stat. 625, 628), as amended by Section 2 of the Act of May 31, 1924 (43 Stat. 250, 251), provides:
Except as otherwise provided in the fourth paragraph of this section, each commissioned officer below the grade of brigadier general or its equivalent,_ * * * while either on active duty or entitled to active duty pay shall be entitled at all times to a money allowance for rental of quarters. * * *
* ‡ ‡ 4s *
No rental allowance shall accrue to an officer, having no dependents, while he is on field or sea duty, nor while an officer with or without dependents is assigned as quarters at his permanent station the number of rooms provided by law for an officer of his rank * * *.
Regulations in execution of the provisions of this section in peace and in war shall be made by the President * * *
Army Regulation 210-70 in effect during the period of this claim provided:
2 bk (1) An officer’s assignment of quarters at his permanent station will be terminated by the commanding officer under the following conditions only:
t- * 4s 4: *
(c) On his departure from his permanent station * * * on temporary duty, * * * under orders which relieve him from duty at his permanent station during or at the termination of his absence, unless the officer files request to the contrary.
This regulation means the permanent station of the officer must be changed during his temporary’ duty or at the termination of his absence.
*273 Executive Order No. 4063, of August 13, 1924, issued pursuant to tbe provisions of section 2 of the Act of May 31, 1924, supra, is as follows:
I. (e) The term “permanent station” as used in this Act shall be construed to mean the place on shore where an officer is assigned to duty * * * under orders in each case which do not in terms provide for the termination thereof.
Hi ❖ ' H* > H« He
III. (c) No officer shall be paid a rental allowance for any period during which he is assigned as quarters at his permanent station the number of rooms provided by law for an officer of his rank, or a less number of rooms which have been determined in accordance with these regulations to be adequate in the particular case.
It is admitted that plaintiff was on temporary duty with the Civilian Conservation Corps and that bachelor quarters were assigned to him at his permanent station. The plaintiff contends that his case is controlled by the decision in the case of O'Mohundro v. United States, 84 C. Cls. 262, and that he is entitled to rental allowances because it was impossible for him to occupy the quarters assigned to him at the permanent station while he was absent from that station and that his assignment of quarters should have been terminated upon his departure from his permanent station for temporary duty. There is nothing in the record to show he would not return to his permanent station after his temporary duty had ended.
In the case above cited and upon which plaintiff relies, the facts are entirely different O’Mohundro’s assignment of quarters at this permanent station was not terminated upon his assignment to temporary duty, but later his household goods were removed and his quarters were available for assignment and were, in fact, occupied by other officers during the entire period he was on temporary duty.
The quarters assigned to plaintiff at his permanent station were not available for assignment to other officers for the reason that plaintiff had taken the keys away with him and retained them. He had in his quarters his furniture which could not be- removed so as to make the quarters available for other officers. The facts show that as soon as plaintiff *274 returned the- keys to bis quarters so that his furniture could be removed and his quarters made available for assignment to other officers, his assignment was terminated by his Commanding Officer.
Plaintiff is not entitled to recover and his petition is dismissed.
It is so ordered.
Littleton, -Judge, and Gkeen, Judge, concur.
Whitaker, Judge, took no part in the decision of this case.